## Isbell v. Sanders.

April 19, 1946.

Carl F. Eversole and John B. Eversole for appellant.

J. P. Chenault and George T. Ross for appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming.

The appellant and appellee are adjoining property owners. The first above obtained title to a portion of his farm in 1929 by deed from W. D. Sanders, father of the appellee. The other inherited that portion of his farm involved herein from his sister, Sarah, who inherited it from her father, W. D. Sanders. The description of the tracts deeded to the appellant by W. D. Sanders is as follows:

"Beginning at a stake in a hollow corner to W. D. Sanders, thence line to him S. 2¾ E 7.00 chains to a

point in Whitlock and Kentucky River pike, corner to Jesse Newby, thence along said pike with said Newby line N 52½ E 21.73 chains, N 42½ E 6.00 chains N 59½ E 1.58 chains to middle of pike, opposite the West gate post, thence new lines N. 36 W 3.44 chains to a gate post N 10 E 4.43 chains to a locust on East side of pond, thence N 9 W 9.00 chains to a stake on edge of branch in line to Aaron Stocker, thence up the branch S 59¼ W 2.15 chains N 47¼ W 2.25 chains to a stake in said branch, leaving the branch S 8¾ W 12.50 chains to the beginning, containing 10 acres.''

''Also a second tract of land consisting of about one acre, more or less, adjoining Tract No. 1 on the West side of same and running with the meanders of Howard Branch and bounded by the lands of W. D. Sanders on the West and other lands of the second party herein on the North, South, and East sides. It is understood that the second party herein shall have the right to maintain a pipe, or pipes, to a spring across the fence from the land herein described located on the land of the first party.''

The spring referred to in the descriptive part above is the spring in controversy in this action, and seems to be situated at a point west of the fence, but varying according to the testimony, from near the center of Howard's Branch to a few feet east of it. The appellant insists it is on his land. The appellee insists it is on his. It appears that the appellee had moved or in some way had disturbed the spring, thereby interfering with appellant's use of the water therefrom. This suit resulted.

The appellant alleged that the appellee was setting up a claim to that small strip of land in the above described tract on the eastern edge of Howard's Branch and lying between the fence and the branch, and being from five to fifteen feet in width, which was an adverse claim and hostile to the appellant's right and title, in that by his deed from W. D. Sanders the line was to run with the meanders of Howard's Branch. He further alleged that the defendant had taken possession of a spring, which is on the edge of Howard's Branch, and on the side of the Branch which was conveyed to the plaintiff by W. D. Sanders, and that the defendant had removed the location of the spring without notice to him, and had gone over on to his land and dug back into his

bank; that the spring was an everlasting spring; that it furnished water for all of plaintiff's stock and had been used exclusively by him since he purchased the above tract of land containing the spring. For this disturbance of the spring and the interference of the use of the water therefrom, he prayed damages.

The defendant, appellee herein, filed answer and counterclaim, setting up title to that portion of the land lying on the east side of Howard's Branch and included between a fence and the Branch, and alleged that the plaintiff, appellant herein, was setting up claim of title to it, thereby creating a cloud upon it.

It appears that the matter of damages for the destruction of the spring went to a jury, which failed to agree, and, thereafter, the plaintiff dismissed that portion of his suit asking for damages and elected to stand upon his claim of title to the land to the meanders of Howard's Branch by reason of his deed, and prayed that title to same be quieted. The appellee dismissed without prejudice his counterclaim and amended counterclaim. After proof had been taken and the cause submitted, the court found that the plaintiff, Amby Isbell, had neither title to nor actual or constructive possession of any of the land in controversy lying west of the line fence. The plaintiff appeals.

The question resolves itself into whether or not the fence or the center of the meandering Howard's Branch is the dividing line. It cannot be ascertained accurately from this record when the fence adjacent to Howard's Branch was first erected, but evidently it was placed there by Hays Stocker, from whom the appellant had purchased title bond to the land, pursuant to which the deed above was executed. However, it does appear that the appellant had moved the fence on tract 1 somewhat closer to Howard's Branch. Appellant insists that for a long period of time, during the lifetime of both W. D. Sanders and his daughter, there was no contention about the dividing line or the spring. There is no contrary proof but that W. D. Sanders and his daughter did acquiesce in the moving of the fence nearer the Branch, but nowhere in the record is there evidence, during all this period, that the appellant was trying to exercise control over the spring, or over that portion of land beyond the fence.

The two surveyors disagree as to the dividing line. One of them says the fence is the line. The other says Howard's Branch. The appellant in his petition claims the spring and says he has had exclusive use of it. The spring is situated on the west side of the fence and is on that portion of land on the west side of the fence which has been under the control of, and use of, the appellee and his predecessors in title. The proof shows that the stock of the appellee and his predecessors had free access to the spring, and that the spring was cleaned out and cared for by the appellee.

The compelling and inescapable fact is the description in the deed of conveyance itself, wherein it is stated that the grantee "shall have the right to maintain a pipe, or pipes, to a spring across the fence from the land herein described located on the land of the first party." That deed is the appellant's source of title. The above expression definitely and positively places the spring across the fence from the land described in the deed and located on the land of the grantor. Nothing could be plainer than that statement. The deed itself locates the spring on the land of the appellee's predecessor in title, and expressly gives to the grantee the right to maintain pipes to and use water from the spring.

Not only do the facts fail to raise a sufficiently serious doubt to justify a disturbance of the judgment of the chancellor, but on the contrary, we think they amply support it.

Judgment affirmed.